The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A one page work history sheet marked as exhibit stipulated 1 was received into evidence.
3. A form 22 marked as exhibit stipulated 2 was received into evidence.
4. A set of payroll records marked as exhibit stipulated 3 was received into evidence.
5. An employee individual time sheet from Springs Mills, Inc. marked as exhibit stipulated 4 was received into evidence.
6. Nursing notes from Spring Industries marked as exhibit stipulated 5 was received into evidence.
7. A Quick Check list of earnings marked as exhibit stipulated 6 was received into evidence.
8. A videotape marked as exhibit stipulated 7 was received into evidence.
9. Subsequent to the hearing, medical records from Dr. Brenner marked as stipulated exhibit 8 were received into evidence.
10. Subsequent to the hearing, income tax records marked as stipulated exhibit 9 were received into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Between 1992 and the time of the hearing, plaintiff was employed by the defendant-employer as an MJS operator. Plaintiff's job duties included being responsible for cleaning ten machines that had sixty individual spools on each machine. Each spool had a doughnut on it that required plaintiff to turn each of them with her hands at least once over a two hour interval. Plaintiff worked a twelve hour shift two days a week as an MJS operator.
2. The MJS operator's job allowed plaintiff to perform a variety of activities while walking, stopping, and working at tasks that are not sustained. The videotape is an accurate representation of plaintiff's job duties.
3. Plaintiff's employment as an MJS operator was not a significant contributing factor in the development of plaintiff's bilateral carpal tunnel syndrome.
4. There is a lack of sufficient expert medical evidence of record to support a finding that plaintiff's employment as an MJS operator placed her at an increased risk in contracting bilateral carpal tunnel syndrome as compared to the public not so equally exposed.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has no occupational disease, and no disability related to causes and conditions which are characteristic of and peculiar to plaintiff's employment as an MJS operator with the defendant-employer. N.C. Gen. Stat. § 97-53(13).
2. Plaintiff is, therefore entitled to no additional compensation under the provisions of the North Carolina Workers' Compensation Act.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Defendants shall pay an expert witness fee in the amount of $140.00 to Dr. Hughes and $345.00 to Dr. Brenner.
3. Each side shall pay its own costs.
This the ___ day of March 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp